**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HERBERT AMEEN MUHAMMAD** | ) | |
| **ID #1669096** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-0297-N (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition should be denied with prejudice as barred by limitations.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Rick Thaler, Director of TDCJ-CID.

On September 1, 2010, petitioner pled guilty to burglary of a habitation in Cause No. 28262-86 in the 86th Judicial District Court in Kaufman County, Texas, and was sentenced to thirty years' imprisonment. (Petition (Pet.) at 2, 6; State Habeas Transcript[WR-75,406-01 ] at 2).  He did not appeal his conviction. (Pet. at 3).  He filed his state application for writ of habeas corpus on January 20, 2011. (Pet. at 3; S.H.Tr.:8, 19).[1]  On March 9, 2011, the Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary

---

[1]  Petitioner states in his federal petition that he filed his state writ on January 21, 2011.  However, the state habeas record maintained by the Texas Court of Criminal Appeals reflects that the trial court file marked the state petition a day earlier, on January 20, 2011.

hearing. *See Ex parte Muhammad*, No. WR-75,406-01 (Tex. Crim. App. March 9, 2011). Petitioner

mailed his federal petition on January 18, 2012. (Pet. at 16).

## II. STATUTE OF LIMITATIONS

### A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

a new constitutional right and makes the right retroactively applicable to cases on collateral review;

or (D) the date on which the facts supporting the claim became known or could have become known

through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him

from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year

statute of limitations is therefore calculated from the latest of the date petitioner's conviction became

final (subparagraph (A)) or the date on which he knew or should have known with the exercise of

due diligence the facts supporting his claims (subparagraph (D)).

Petitioner concedes that he did not file a direct appeal of his conviction. (Pet. at 3).  His state conviction therefore became final for purposes of § 2244(d) at the expiration of the thirty-day time frame for seeking direct review of his conviction, on October 1, 2010.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); T\ex\. R. A\pp\. P\roc\. 26.2(a)(1).  The facts supporting his claims became known or could have become known prior to this date.  Because petitioner filed his federal petition more than one year after his conviction became final on October 1, 2010, his January 18, 2012 filing is untimely.[2]

## B. <u>Tolling</u>

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  The one-year limitations period was therefore tolled while petitioner's state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).  When petitioner filed his state petition on January 20, 2011, 111 days had elapsed since his conviction became final on October 1, 2010.  The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on March 9, 2011.  The AEDPA clock began to run again on March 10, 2011, and petitioner's one-year time period for filing a federal petition expired on November 18, 2011, 254

---

[2]*See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

days later, and two months before petitioner filed his federal petition on January 18, 2012. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

4

Here, petitioner presented no argument or evidence that he was prevented from filing his federal petition earlier.  He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## IV.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 6th day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE